**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig**
**United States Bankruptcy Judge**

**Dated: 12:16 PM September 1, 2020**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| SARAH E. WEBER, | ) | CASE NO. 20-60423 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |
| | ) | |

    Now before the court is the Motion for Relief from Stay (the "Motion"), filed by Tax Ease Ohio, LLC ("Creditor") on April 24, 2020. Debtor filed an Amended Response (the "Response") on May 30, 2020. A hearing in this contested matter was held on July 15, 2020, after which a briefing schedule was issued. No additional briefs were filed.

    The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference issued by the United States District Court for the Northern District of Ohio. This is a core proceeding and the court has authority to enter final orders. 28 U.S.C. § 157(b)(2)(G). Pursuant to 28 U.S.C. §§ 1408 and 1409, venue in this court is proper. This opinion constitutes the court's findings of fact and conclusions of law in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure.[1]

---

[1] Hereinafter, unless otherwise indicated, any reference to a section ("§" or "section") refers to a section in Title 11 of the United States Code (the "Bankruptcy Code"), and any reference to a "Rule" refers to a Federal Rule of Bankruptcy Procedure.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

The facts are brief and not in dispute.

On October 24, 2014, Creditor purchased tax liens on residential property located at 4323 Orchard Dale Dr., NW Canton, OH 44709 (the "Property").

Debtor filed a petition for relief under chapter 13 of the Bankruptcy Code on March 6, 2020 (the "Petition Date"), and listed the Property as an asset in Schedule A/B.

At some point prior to the Petition Date, the previous owner transferred the Property to Debtor after a foreclosure complaint had been filed and before a judicial sale had occurred.

## DISCUSSION

In its Motion, Creditor claims that Debtor acquired ownership of the Property in violation of Ohio's *lis pendens* doctrine. As a result, Creditor argues that Debtor did not obtain a valid, legal interest in the Property and the Property is therefore not property of the estate. The court disagrees.

Upon commencement of this case, an automatic stay took effect. § 362(a). Among other things, the automatic stay stops the commencement or continuation of a judicial action against a debtor that was or could have been commenced before the bankruptcy case was filed, § 362(a)(1), and any act to obtain possession of or from or exercise control over the property of the estate, § 362(a)(3), that is created upon the bankruptcy filing, § 541(a). The automatic stay "serves to maintain the status quo and prevent dismemberment of the estate during the pendency of the bankruptcy case." Ritzen Group, Inc. v. Jackson Masonry, LLC, 140 S. Ct. 582, 589 (2020) (alterations, quotation marks and citation omitted).

The narrow issue in this dispute is whether the Property became property of the estate. Property of the estate generally includes all legal and equitable interests of the debtor in property as of the commencement of the case. § 541(a)(1). Although federal law controls whether an interest of the debtor is property of the estate, a debtor's property interests are defined by state law. Corzin v. Fordu (In re Fordu), 201 F.3d 693, 700 (6th Cir. 1999) (citations omitted).

Ohio's *lis pendens* doctrine is codified in section 2703.26 of the Ohio Revised Code. That section provides:

> When a complaint is filed, the action is pending so as to charge a third person with notice of its pendency. While pending, no interest can be acquired by third persons in the subject of the action, as against the plaintiff's title.

OHIO REV. CODE § 2703.26. In Fantozz v. Cordle, the Ohio Sixth District Court of Appeals explained the doctrine:

> Lis pendens prevents third parties who claim to have acquired an interest in the property, after service and during the pendency of the foreclosure action, from challenging the trial court's judgment. *While the doctrine does not prevent persons from transacting an interest in the property during the pending lawsuit, it places any such conveyed interest at risk and notifies the parties that they are bound by the decree and sale thereunder.* Thus, one who acquires an interest in the property during the pending lawsuit takes subject to the judgment or decree, and is as conclusively bound by the result of the litigation as if he had been a party thereto from the outset. The purpose of lis pendens is to protect the plaintiff's interest in the subject property.

2015 Ohio App. LEXIS 3906, at *8, 9 (6th Dist. App. Sept. 30, 2015) (quotation marks and citations omitted) (emphasis added).

In Fantozz, real property was transferred to a third party during the pendency of a tax foreclosure action. After the transfer, the real estate taxes remained unpaid and the property was sold at an auditor's sale. The third party filed a motion in state court challenging the sale. But the court denied the motion and held that the third party's claim was barred by the *lis pendens* doctrine. The appellate court affirmed, reasoning: "Appellant is a third party who acquired an interest in the property, via a quitclaim deed, during the pendency of the foreclosure action. Appellant obtained that interest at her peril and is bound by the trial court's foreclosure entry and the sale of the property." Fantozz, 2015 Ohio App. LEXIS 3906, at *9 (quotation marks, alteration, and citation omitted).

Here, like Fantozz, the Property was transferred to Debtor while a foreclosure action was pending. But that doesn't mean that Debtor did not obtain a valid, legal interest in the Property. Rather, it simply means that Debtor's interest in the Property was subject to the result of the foreclosure action. The only major difference between this case and Fantozz is that Debtor filed a bankruptcy petition after the Property was transferred. And when Debtor filed her bankruptcy petition, the Property became property of the estate and the automatic stay halted the foreclosure action. The Bankruptcy Code does not except property subject to *lis pendens* from property of the estate or the automatic stay. See, e.g., In re Webb, 470 B.R. 439, 453, 459 (B.A.P. 6th Cir. 2012) (upholding bankruptcy court's imposition of sanctions for creditor's violation of the automatic stay and rejecting creditor's argument that property did not become property of the estate due to the *lis pendens* doctrine). Thus, the automatic stay shall remain in effect.

The court will enter a separate order in accordance with this opinion.

**Service List**:

Bryan C. Barch
Amourgis & Associates
4249 Easton Way
Suite 225
Columbus, OH 43219

Milos Gvozdenovic
Weltman, Weinberg & Reis Co., L.P.A.
965 Keynote Circle
Brooklyn Heights, OH 44131